DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
MICAH CLATTERBAUGH, SBN 316808
SIEGEL, YEE & BRUNNER
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiffs
ZIAD EID and FALASTEEN EID

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIAD EID and FALASTEEN EID, | Case No. |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| vs. | **(Civil Rights)** |
| CITY AND COUNTY OF SAN FRANCISCO; BILL SCOTT, CHIEF OF THE SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 through DOE 10, | **Demand for Jury Trial** |
| Defendants. | |

ZIAD EID and FALASTEEN EID, as the mother and father of JEHAD EID, deceased, bring this combined survival and wrongful death action.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a)(3) (claims brought to redress deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution), and 42 U.S.C. § 1983.

---

*Eid v. City and County of San Francisco*, No.
Complaint - 1

2. The state law claims in this action are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 U.S.C. § 1367.

3. Venue is proper in the United State District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are located in the Northern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

**PARTIES**

4. At all times relevant hereto, plaintiffs ZIAD EID and FALASTEEN EID were the parents of JEHAD EID, deceased.

5. At all times relevant hereto, defendant CITY AND COUNTY OF SAN FRANCISCO (CCSF) was a municipal corporation, duly organized and existing under the Constitution and laws of the State of California. Under its authority, defendant CCSF operates the San Francisco Police Department and employs its officers.

6. At all times relevant hereto, defendant BILL SCOTT was the Chief of the San Francisco Police Department and was responsible for the hiring, training, retention, and supervision of the San Francisco police officers who shot and killed JEHAD EID on or about March 21, 2018. At all times relevant hereto, defendant Scott was acting in his official capacity under color of law.

7. Defendants SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 through DOE 10, whose real names are unknown to plaintiffs, are the San Francisco Police Department officers who participated in the shooting and killing of JEHAD EID on or about March 21, 2018. Plaintiffs will amend this complaint to state the true names of these officers when they have been ascertained. At all times relevant hereto, said

*Eid v. City and County of San Francisco,* No.
Complaint - 2

defendants were acting under color of law.

## STATEMENT OF FACTS

8. Decedent JEHAD EID was a 21-year-old who resided in Suisun City, California.

9. JEHAD EID was employed as a mobile telephone salesman at the time of his death.

10. On Wednesday, March 21, 2018, at approximately 4:30 p.m. at the Amazon Barber Shop at or near the intersection of Geneva and Mission Streets in San Francisco, SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 through DOE 10 shot and killed JEHAD EID.

11. SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 through DOE 10 utilized excessive and unnecessary force when they shot and killed JEHAD EID because they lacked reasonable cause to believe that JEHAD EID posed a risk to officers or others sufficient to justify that use of deadly force.

12. On information and belief, SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 through DOE 10 remain employed by the San Francisco Police Department.

## EXHAUSTION OF ADMINISTRATIVE RELIEF

13. Plaintiffs filed a California Government Tort Claims Act claim regarding the matters asserted herein with the CITY AND COUNTY OF SAN FRANCISCO pursuant to California Government Code section 910, *et seq.* on July 12, 2018. CCSF denied their claim on August 1, 2018.

**FIRST CLAIM FOR RELIEF**
**USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT**
(By plaintiffs ZIAD EID and FALASTEEN EID as successors-in-interest to decedent JEHAD EID against SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 as employees of defendant CITY AND COUNTY OF SAN FRANCISCO)
(42 U.S.C. § 1983)

14. Plaintiffs incorporate by reference paragraphs 1 through 13 above as though fully set forth herein.

15. By virtue of the foregoing, defendant SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 acted under color of law when they engaged in the extrajudicial killing of decedent JEHAD EID without lawful justification and deprived decedent of his right under the Fourth Amendment to the United States Constitution to be free of unreasonable seizure of his person by use of excessive force.

**SECOND CLAIM FOR RELIEF**
**FAILURE TO TRAIN, SUPERVISE and DISCIPLINE**
(By plaintiffs ZIAD EID and FALASTEEN EID as successors-in-interest to decedent JEHAD EID against defendants CITY AND COUNTY OF SAN FRANCISCO AND BILL SCOTT)
(42 U.S.C. § 1983)

16. Plaintiffs incorporate by reference paragraphs 1 through 15 above as though fully set forth herein.

17. Defendants CITY AND COUNTY OF SAN FRANCISCO and BILL SCOTT, acting under color of law, failed in their obligations to adequately train, supervise, and discipline CCSF police officers to refrain from subjecting persons to excessive force.

18. By virtue of the foregoing, defendant CITY AND COUNTY OF SAN FRANCISCO was deliberately indifferent to the obvious consequences of its failure to train, supervise and discipline its police officers. As a result of inadequate training,

*Eid v. City and County of San Francisco*, No.
Complaint - 4

supervision, and disciplinary policies and practices, officers employed by the CITY AND COUNTY OF SAN FRANCISCO deprived JEHAD EID of his rights, as set forth above.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA BANE ACT
(By plaintiffs ZIAD EID and FALASTEEN EID as successors-in-interest to decedent JEHAD EID against CCSF and SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 as employees of defendant CITY AND COUNTY OF SAN FRANCISCO)
(California Civil Code § 52.1)

19.     Plaintiffs incorporate by reference paragraphs 1 through 18 above as though fully set forth herein.

20.     By virtue of the foregoing, defendant CITY AND COUNTY OF SAN FRANCISCO's employees interfered by threats, intimidation, and/or coercion with the rights of JEHAD EID, secured by the Constitution of the United States and the Constitution of the State of California.

21.     By virtue of the foregoing, defendants SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 acted with malice and oppression and the intent to deprive and did deprive JEHAD EID of his rights to be free from the use of excessive force.

### FOURTH CLAIM FOR RELIEF
### BATTERY BY A POLICE OFFICER
(By plaintiffs ZIAD EID and FALASTEEN EID as successors-in-interest to decedent JEHAD EID against CCSF and SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 as employees of defendant CITY AND COUNTY OF SAN FRANCISCO)

22.     Plaintiffs incorporate by reference paragraphs 1 through 21 above as though fully set forth herein.

23.     By virtue of the foregoing, defendant CITY AND COUNTY OF SAN FRANCISCO's employees intentionally subjected decedent JEHAD EID to the use of

unreasonable force.

24. By virtue of the foregoing, defendant CITY AND COUNTY OF SAN FRANCISCO learned that its employees, SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10, intentionally subjected decedent to the use of unreasonable force and approved such conduct.

25. By virtue of the foregoing, defendant CITY AND COUNTY OF SAN FRANCISO is liable for the acts of its employees, the involved officers, all of whom acted within the course and scope of their employment.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENCE
(By plaintiffs ZIAD EID and FALASTEEN EID against defendants CCSF and SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 as employees of defendant CITY AND COUNTY OF SAN FRANCISCO)

26. Plaintiffs incorporate by reference paragraphs 1 through 25 above as though fully set forth herein.

27. By virtue of the foregoing, defendant CITY AND COUNTY OF SAN FRANCISCO's employees violated their duty of care not to subject decedent JEHAD EID to the use of unreasonable force.

28. By virtue of the foregoing, defendant CITY AND COUNTY OF SAN FRANCISCO learned that its employees, SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10, violated their duty of care not to subject decedent to the use of unreasonable force and approved such conduct.

29. By virtue of the foregoing, defendant CITY AND COUNTY OF SAN FRANCISO is liable for the acts of its employees, the involved officers, all of whom acted within the course and scope of their employment.

30. By virtue of the foregoing, defendant CITY AND COUNTY OF SAN

FRANCISCO failed to use reasonable care in the training and supervision of the involved officers.

### SIXTH CLAIM FOR RELIEF
### WRONGFUL DEATH
(By plaintiffs ZIAD EID and FALASTEEN EID against defendants CCSF and SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 as employees of defendant CITY AND COUNTY OF SAN FRANCISCO)
(Cal. Code Civ. Proc., § 377.60)

31. Plaintiffs incorporate by reference paragraphs 1 through 30 above as though fully set forth herein.

32. By virtue of the foregoing, defendant CITY AND COUNTY OF SAN FRANCISCO's employees, the involved officers, intentionally and/or negligently subjected decedent JEHAD EID to unreasonable force, and breached their duty to not use excessive force against decedent, resulting in the death of decedent and pecuniary loss to plaintiffs.

33. By virtue of the foregoing, defendant CITY AND COUNTY OF SAN FRANCISCO learned that its employees, SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 officers, intentionally and/or negligently subjected decedent to unreasonable force and breached their duty to not use excessive force against decedent and approved such conduct.

34. By virtue of the foregoing, defendant CITY AND COUNTY OF SAN FRANCISCO is liable for the acts of its employees, the involved officers, all of whom acted within the course and scope of their employment.

### DAMAGES

35. As a result of the actions of defendants, plaintiffs have been injured and have suffered damages as follows:

a. They have been physically, mentally, emotionally, and financially injured and damaged as a proximate result of JEHAD EID's wrongful death, including, but not limited to, the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

b. They have incurred funeral and burial expenses;

c. They have lost the value of financial support that decedent contributed to the family;

d. In their capacity as successors-in-interest to decedent, ZIAD EID and FALASTEEN EID are entitled to recover for the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived.

e. In taking the actions alleged above, SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 engaged in conduct that was malicious, oppressive, and/or in reckless disregard of the rights of decedent and plaintiffs. Accordingly, plaintiffs are entitled to punitive damages against the officers.

WHEREFORE, plaintiffs request that this Court grant them relief as follows:

(1) General damages, in an amount to be determined;

(2) Special damages, in an amount to be determined;

(3) Punitive damages, in an amount to be determined;

(4) Reasonable attorneys' fees under 42 U.S.C. § 1988;

(5) Injunctive relief;

(6) Costs of suit; and

(7) Such other and further relief as the Court may deem proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: November 21, 2018

SIEGEL, YEE & BRUNNER

By: *[signature]*
Dan Siegel

Attorneys for Plaintiffs
ZIAD EID and FALASTEEN EID

---

*Eid v. City and County of San Francisco*, No.
Complaint - 9