DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
MARGARET W. BAUMGARTNER, State Bar #151762
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3859
Facsimile:      (415) 554-3837
E-Mail:          margaret.baumgartner@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIAD EID and FALASTEEN EID,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; BILL SCOTT, CHIEF OF THE SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 through DOE 10,<br><br>    Defendants. | Case No. 3:18-cv-07341 TSH<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO COMPLAINT; JURY DEMAND**<br><br>Trial Date:          Not set. |

Defendant CITY AND COUNTY OF SAN FRANCISCO AND BILL SCOTT[1] (collectively "the City") answers plaintiffs Complaint for Damages ("complaint") as follows:

**JURISDICTION AND VENUE**

1.   The City answers paragraph 1 of the complaint as follows:  This paragraphs contains legal contentions only, to which no answer is required.

---

[1] The other defendants are not separate legal entities, and Bill Scott is sued in his official capacity only.

2. The City answers paragraph 2 of the complaint as follows: This paragraphs contains legal contentions only, to which no answer is required.

3. The City answers paragraph 3 of the complaint as follows: Defendants admit that defendants are located in the Northern District of California, and that the acts and/or omissions complained of occurred within the Northern District of California. The remainder of the paragraph contains legal contentions, to which no answer is required.

**PARTIES**

4. The City answers paragraph 4 of the complaint as follows: Defendants lack information and belief as to the allegations in this paragraph.

5. The City answers paragraph 5 of the complaint as follows: Defendants admit the allegations in this paragraph.

6. The City answers paragraph 6 of the complaint as follows: Defendants admit that Bill Scott was the Chief of Police at the time of the shooting of Jehad Eid on or about March 21, 2018, and was at that time and to the present responsible for the supervision of the San Francisco Police Department and in that capacity acts under the color of law. Except as specifically admitted, defendants deny generally and specifically the remaining allegations in this paragraph.

7. The City answers paragraph 7 of the complaint as follows: Defendants lack information and belief as to the allegations in this paragraph and on that basis denies them.

**STATEMENT OF FACTS**

8. The City answers paragraph 8 of the complaint as follows: Defendants lack information and belief as to the allegations in this paragraph, and on that basis denies them.

9. The City answers paragraph 9 of the complaint as follows: Defendants lack information and belief as to the allegations in this paragraph, and on that basis denies them.

10. The City answers paragraph 10 of the complaint as follows: Defendants admit that on Wednesday March 21, 2018, at approximately 4:30 p.m. San Francisco police officers shot at Jehad Eid at the Amazon Barber Shop at or near the intersection of Geneva and Mission St. Except as specifically admitted, defendants deny generally and specifically the remaining allegations in this paragraph.

11. The City answers paragraph 11 of the complaint as follows: Defendants deny the allegations in this paragraph.

12. The City answers paragraph 12 of the complaint as follows: Defendants lack information and belief as to the allegations on this paragraph and on that basis denies the allegations.

## EXHAUSTION OF ADMINISTRATIVE RELIEF

13. The City answers paragraph 13 of the complaint as follows: Defendants admit that plaintiffs filed a government tort claim with the City and County of San Francisco on July 12, 2018, and that the City denied their claim on August 1, 2018. Except as specifically admitted, defendants deny generally and specifically the remaining allegations in this paragraph.

## FIRST CLAIM FOR RELIEF USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT

(By plaintiffs ZIAD EID and FALASTEEN EID as successors-in-interest to decedent JERAD EID against SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 as employees of defendant CITY AND COUNTY OF SAN FRANCISCO)

(42 U.S.C. § 1983)

14. The City answers paragraph 14 of the complaint as follows: This paragraph contains a legal contention to which no response is required.

15. The City answers paragraph 15 of the complaint as follows: Defendants deny the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

## FAILURE TO TRAIN, SUPERVISE and DISCIPLINE

(By plaintiffs ZIAD EID and FALASTEEN EID as successors-in-interest to decedent JERAD EID against defendants CITY AND COUNTY OF SAN FRANCISCO AND BILL SCOTT)

(42 U.S.C. § 1983)

16. The City answers paragraph 16 of the complaint as follows: This paragraph contains a legal contention to which no response is required.

17. The City answers paragraph 17 of the complaint as follows: Defendants deny the allegations in this paragraph.

CCSF's Answer to Complaint
Case No. **18-cv-07341 TSH**                    3                    n:\lit\li2018\181150\01327678.docx

18. The City answers paragraph 18 of the complaint as follows:  Defendants deny the allegations in this paragraph.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA BANE ACT

(By plaintiffs ZIAD EID and FALASTEEN EID as successors-in-interest to decedent JEHAD EID against CCSF and SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 as employees of defendant CITY AND COUNTY OF SAN FRANCISCO)

(California Civil Code§ 52.1)

19. The City answers paragraph 19 of the complaint as follows:  This paragraph contains a legal contention to which no response is required.

20. The City answers paragraph 20 of the complaint as follows:  Defendants deny the allegations in this paragraph.

21. The City answers paragraph 21 of the complaint as follows:  Defendants deny the allegations in this paragraph.

## FOURTH CLAIM FOR RELIEF

## BATTERY BY A POLICE OFFICER

(By plaintiffs ZIAD EID and FALASTEEN EID as successors-in-interest to decedent JEHAD EID against CCSF and SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 as employees of defendant CITY AND COUNTY OF SAN FRANCISCO)

22. The City answers paragraph 22 of the complaint as follows:  This paragraph contains a legal contention to which no response is required.

23. The City answers paragraph 23 of the complaint as follows:  Defendants deny the allegations in this paragraph.

24. The City answers paragraph 24 of the complaint as follows:  Defendants deny the allegations in this paragraph.

25. The City answers paragraph 25 of the complaint as follows:  Defendants deny the allegations in this paragraph.

# FIFTH CLAIM FOR RELIEF
# NEGLIGENCE

(By plaintiffs ZIAD EID and FALASTEEN EID against defendants CCSF and SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 as employees of defendant CITY AND COUNTY OF SAN FRANCISCO)

26. The City answers paragraph 26 of the complaint as follows:  This paragraph contains a legal contention to which no response is required.

27. The City answers paragraph 27 of the complaint as follows:  Defendants deny the allegations in this paragraph.

28. The City answers paragraph 28 of the complaint as follows:  Defendants deny the allegations in this paragraph.

29. The City answers paragraph 29 of the complaint as follows:  Defendants deny the allegations in this paragraph.

30. The City answers paragraph 30 of the complaint as follows:  Defendants deny the allegations in this paragraph.

# SIXTH CLAIM FOR RELIEF
# WRONGFUL DEATH

(By plaintiffs ZIAD EID and F AHASTEEN EID against defendants CCSF and SAN FRANCISCO POLICE DEPARTMENT OFFICERS DOE 1 THROUGH DOE 10 as employees of defendant CITY AND COUNTY OF SAN FRANCISCO)

(Cal. Code Civ. Proc.,§ 377.60)

31. The City answers paragraph 31 of the complaint as follows:  This paragraph contains a legal contention to which no response is required.

32. The City answers paragraph 32 of the complaint as follows:  Defendants deny the allegations in this paragraph.

33. The City answers paragraph 33 of the complaint as follows:  Defendants deny the allegations in this paragraph.

1  34. The City answers paragraph 34 of the complaint as follows: Defendants deny the
2  allegations in this paragraph.

3  **DAMAGES**

4  35. The City answers paragraph 35 of the complaint as follows: Defendants deny the
5  allegations in this paragraph, including the sub-paragraphs.

6  **SEPARATE AFFIRMATIVE DEFENSES**

7  **FIRST AFFIRMATIVE DEFENSE**

8  (Failure to State a Claim)

9  Plaintiffs fail to state facts sufficient to constitute a cause of action against Defendant.

10  **SECOND AFFIRMATIVE DEFENSE**

11  (Assumption of Risk - Peril)

12  Defendant alleges that decedent realized and appreciated the alleged danger which presented
13  itself at the time of the happening of the event set forth in the complaint herein; that decedent,
14  voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by
15  plaintiffs was caused by said risks which were accepted and voluntarily assumed by decedent, when
16  engaging in said activity.

17  **THIRD AFFIRMATIVE DEFENSE**

18  (Assumption of the Risk)

19  Defendant alleges that decedent had full knowledge of the risks involved in the activity in
20  which he was engaged at the time of the incident set forth in the complaint herein; that decedent
21  voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in
22  said complaint; and that the loss or damage, if any, sustained by the him was caused by said risks that
23  were accepted and voluntarily assumed by him.

24  **FOURTH AFFIRMATIVE DEFENSE**

25  (Failure to Mitigate Damages)

26  Defendant alleges that the Complaint and each and every cause of action therein is barred
27  because plaintiffs failed to use reasonable diligence to mitigate damages allegedly sustained by them,
28  and said failure bars or reduces the recovery, if any from defendant.

**FIFTH AFFIRMATIVE DEFENSE**

(Defendant's Acts Not A Proximate Cause)

Defendant states that any act or omission on the part of the answering defendant, its agents or employees, was not the proximate cause of plaintiffs' injury.

**SIXTH AFFIRMATIVE DEFENSE**

(Denial of Damages)

Defendant denies that plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

**EIGHTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendant claims the immunities under the applicable provisions of the Government Code, including without limitation sections 820.8, 830-835.4.

**NINTH AFFIRMATIVE DEFENSE**

(Barred by Tort Claims Act and Failure to file Claim)

Defendant allege that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the complaint is barred by the following provisions of the California Tort Claims Act: Government Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

## TENTH AFFIRMATIVE DEFENSE

(Variance Between Tort Claim and Complaint)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, plaintiffs purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiffs' written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

## ELEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendant alleges that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiffs may have is barred by law.

## TWELFTH AFFIRMATIVE DEFENSE

(Estoppel)

By reason of plaintiffs' own acts and omissions, including the acts and omissions of plaintiffs are estopped from seeking any recovery from defendant by reason of the allegations set forth in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Frivolous Action)

Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling defendant to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Proper Conduct)

As a separate and affirmative defense to the complaint and to each and every allegation contained therein, Defendant alleges that at all times and places mentioned in the complaint, it acted without malice and with a good faith belief in the propriety of its conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Acting in Good Faith)

As a separate and affirmative defense to the complaint and to each and every allegation set forth therein, Defendant alleges that at all times mentioned in the complaint, it performed and discharged in good faith each and every obligation, if any, owed to plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Privilege)

As a separate and affirmative defense to the complaint and to each and every allegation contained therein, Defendant alleges that its conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Immunities)

As a separate and affirmative defense to the complaint and to each and every allegation contained therein, Defendant asserts the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

## NINETEENTH AFFIRMATIVE DEFENSE

(Public Liability Act)

Defendant alleges the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of defendant's duties and liabilities in this action.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Decedent's Conduct Reckless and Wanton)

Defendant alleges that at all times mentioned in plaintiffs' Complaint herein, decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiffs; that as a consequence, plaintiffs' claim is barred.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Immunity: Exemplary Damages)

Defendant alleges that it, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Discretionary Act Immunity)

Defendant alleges that the act or omissions which plaintiffs claim give rise to liability in this case were within the discretion of a San Francisco employee acting within the course and scope of his employment and, as a result, plaintiffs' claim is barred by the discretionary act immunity contained in Government Code section 820.2 and its related provisions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Privilege)

Defendant alleges that if any force was used by its employees against the decedent herein, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

(Justified Use of Force)

The Complaint and each cause of action therein is barred because the use of force against the decedent by and the employees of Defendant, if any, was privileged and justified.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

Defendant alleges by way of a plea of comparative negligence that decedent was negligent in and about the matters and activities alleged in the Complaint; that decedent's negligence contributed to and was a proximate cause of decedent and/or plaintiffs alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiffs are entitled to recover damages against San Francisco by virtue of the complaint, San Francisco prays that the recovery be diminished or extinguished by reason of the negligence of the decedent in proportion to the degree of fault attributable to the decedent.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Arrest)

Defendant alleges that if any force was used to effect the arrest of the decedent herein by the named defendant, such force was authorized and privileged pursuant to Sections 835 and 835a of the California Penal Code and as a proximate result thereof plaintiffs are barred from any recovery herein for any alleged injury or damage if any there were.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Resisting Arrest)

Defendant alleges that decedent was under a duty pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist his arrest; that decedent breached his duty even though he knew or by the exercise of reasonable care should have known that he was being arrested by a peace officer; that as a direct and proximate result of decedent's breach of this duty he is barred from recovery for any loss or damage he may have incurred, if any there be.

**TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

(Plaintiff/Decedent Assaulted Police)

Defendant alleges that at all times mentioned in plaintiffs' complaint herein, decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting officers; that it became and was necessary to use force on the person of the decedent to defend said arresting officers from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by decedent were proximately caused by the necessary use of said reasonable force on

the person of decedent and not otherwise; and that by reason of decedent instituting said vicious and violent assault on the persons of said arresting officers, decedent's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers from said assault, plaintiffs' claim, if any, is barred by law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Prevent Injury/Escape)

Defendant alleges that no more force was used on decedent's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

### THIRTIETH AFFIRMATIVE DEFENSE

(Qualified Immunity)

Defendant alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Immunity from Injury Caused by Person Resisting Arrest)

Defendant alleges that, pursuant to Government Code section 845.8, Defendant is immune from liability as a matter of law for injury caused to plaintiffs by a person resisting arrest.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(City and County of San Francisco Not a Proper Party)

Defendants allege that plaintiffs have failed to allege sufficient, specific facts against San Francisco, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Mutual Combat)

Defendant alleges that decedent had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the complaint herein; that decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint, and that the loss or damage, if any, sustained by plaintiffs were caused by said risks, which were accepted and voluntarily assumed by him when he engaged in said activity.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Self Defense)

Defendant alleges by way of a plea of self-defense that its employees honestly and reasonably believed that decedent was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self-defense.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(No Breach of Duty)

Defendant further alleges that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to plaintiffs.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing from Defendant;

2. That the Complaint against Defendant be dismissed with prejudice;

3. That Defendant recover its costs of suit herein, including attorneys' fees; and

4. For such other relief as is just and proper.


Dated:  January 2, 2019

                DENNIS J. HERRERA
                City Attorney
                CHERYL ADAMS
                Chief Trial Deputy
                MARGARET W. BAUMGARTNER
                Deputy City Attorney


                By: */s/ Margaret W. Baumgartner*
                    MARGARET W. BAUMGARTNER

                Attorneys for Defendant
                CITY AND COUNTY OF SAN FRANCISCO

CCSF's Answer to Complaint
Case No. **18-cv-07341 TSH**
13
n:\lit\li2018\181150\01327678.docx

**JURY TRIAL DEMAND**

This is merely a request for a jury trial, to which Defendant has no obligation to either admit nor deny. Defendant demands a jury trial.

Dated:  January 2, 2019

                        DENNIS J. HERRERA
                        City Attorney
                        CHERYL ADAMS
                        Chief Trial Deputy
                        MARGARET W. BAUMGARTNER
                        Deputy City Attorney


                    By: */s/ Margaret W. Baumgartner*
                          MARGARET W. BAUMGARTNER

                        Attorneys for Defendant
                        CITY AND COUNTY OF SAN FRANCISCO